UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANTHONY ARRINGTON,

                    Plaintiff,

v.

UNKNOWN TAYLOR, et al.,

                    Defendants.

_____/

Case No. 2:25-cv-271

Honorable Phillip J. Green

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure,

Plaintiff consented to proceed in all matters in this action under the jurisdiction of a

United States Magistrate Judge.  (ECF No. 1, PageID.8.)

Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C.

§ 1915(g).  Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C.

§ 1915, "he must make full payment of the filing fee before his action may proceed."

*In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).  That means payment should precede

preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which

the Court is required to conduct prior to the service of the complaint.  *See In re Prison*

*Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff— at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c).  That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).  Because the named defendant has not yet been served, the undersigned concludes that the defendant is not presently a party whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

As set forth below, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action.  Further, Plaintiff has not paid the

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

$405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2]  Accordingly, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner

---

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision

states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is

express and unequivocal.  The statute does allow an exception for a prisoner who is

"under imminent danger of serious physical injury."  The Sixth Circuit has upheld

the constitutionality of the three-strikes rule against arguments that it violates equal

protection, the right of access to the courts, and due process, and that it constitutes a

bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604–

06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan.  In three

of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases

were frivolous, malicious, and/or failed to state a claim.  *See* Op. & J., *Arrington v.*

*Unknown Part(y)(ies)*, No. 2:13-cv-39 (W.D. Mich. Feb. 20, 2013), (ECF Nos. 5, 6); Op.

& J., *Arrington v. Bahrman et al.*, No. 2:07-cv-107 (W.D. Mich. Nov. 14, 2007), (ECF

Nos. 6 and 7); Op. & J., *Arrington v. Green et al.*, No. 2:04-cv-56 (W.D. Mich. Apr. 22,

2004), (ECF Nos. 5, 6).  All of Plaintiff's dismissals were entered after enactment of

the PLRA on April 26, 1996, and all of the dismissals constitute "strikes" under the

standard articulated by the Sixth Circuit in *Crump v. Blue*, 121 F.4th 1108 (6th Cir.

2024).  *See also Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007).

In this action, Plaintiff's allegations do not fall within the "imminent danger"

exception to the three-strikes rule.  28 U.S.C. § 1915(g).  The Sixth Circuit set forth

the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A

prisoner's claim of imminent danger is subject to the same notice pleading

requirement as that which applies to prisoner complaints.  *Id.*  Consequently, a

prisoner must allege facts in the complaint from which the Court could reasonably

6

conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan, and the events about which he complains occurred at that facility. (*See* Compl., ECF No. 1, PageID.2.) Plaintiff sues the following MBP officials: Sergeant Unknown Taylor, Correctional Officer Unknown Bugge, Correctional Officer Unknown Fortin, Lieutenant D. Havenor, and Deputy Warden M. Wealton. (*Id.*)

In Plaintiff's complaint, he alleges that on September 18, 2024, he was in a local hospital after he swallowed batteries. (*Id.*, PageID.3.) While Plaintiff was in the hospital, Defendant Taylor punched Plaintiff in the face, told Plaintiff to "shut up," and called Plaintiff a racial slur. (*Id.*) Plaintiff responded by saying that he did not have to "shut up." (*Id.*) At that point, Defendant Taylor told Defendant Fortin to close the door. (*Id.*) Defendant Taylor then pushed Plaintiff onto his side, removed Plaintiff's pants and underwear, inserted two fingers into Plaintiff's anus, and said, "Now I own you [racial slur]." (*Id.*) While that was happening, Defendant Bugge held Plaintiff down and Defendant Fortin "guarded the door." (*Id.*) Plaintiff yelled for help and said he was going to file a grievance. (*Id.*) Defendant Taylor said, "I'll fix that" and he "fingered" Plaintiff's anus "several times." (*Id.*)

Later that same day, after Plaintiff was released from the hospital, Defendant Taylor turned off the water to Plaintiff's cell. (*Id.*) Plaintiff alleges that he was placed on this "dry cell" restriction because of inaccurate claims that he had swallowed a

7

razor.  (*Id.*, PageID.4.)  This restriction was approved by Defendant Havenor.  (*Id.*)
The water in Plaintiff's cell remained off until October 10, 2024.  (*Id.*)

Plaintiff contends that since he returned to MBP in September 2025,[3] he has
been "under imminent danger of staff targeting [him] for retaliation from the incident
on [September 18, 2024,]" because the named Defendants are "well respected by other
staff members" at that facility.  (*Id.*, PageID.5–6.)  According to Plaintiff, he has
attempted to file four grievances, but these attempts were "sabotaged" by the
grievance coordinator and either not filed or "put to the side."  (*Id.*)  Plaintiff states
that he is currently housed in the same facility in which he was previously assaulted
and concludes that he "is under a potential threat of retaliation and has suffered
irreparable injury that puts him under imminent danger."  (*Id.*, PageID.7.)

As an initial matter, Plaintiff presents allegations of abuse that took place
more than one year before he filed his complaint on November 10, 2025.[4]  Therefore,
the majority of any alleged danger occurred in the past, and the "assertion that
[Plaintiff] faced danger in the past is insufficient to invoke the exception" to the three-
strikes rule.  *Vandiver*, 727 F.3d at 585.

Additionally, Plaintiff's allegations about the current conditions he faces are
insufficient to invoke the exception to the three-strikes rule.  Plaintiff alleges that his
grievances have been "sabotaged."  (Compl., ECF No. 1, PageID.6–7.)  But any

---

[3] Plaintiff does not specify when he left MBP or where he was housed before his return
to MBP in September 2025.

[4] This is the date on which Plaintiff signed his complaint. (Compl., ECF No. 1,
PageID.9.)

improper implementation of the grievance process does not constitute an imminent danger of *serious injury* necessary to invoke the exception to the three-strikes rule. *See Vandiver*, 727 F.3d at 585; *see also* 28 U.S.C. § 1915(g).  Plaintiff also contends vaguely that he is "under imminent danger of staff targeting [Plaintiff] for retaliation," but fails to allege any *facts* to support that conclusion.  Conclusory allegations are insufficient to establish that Plaintiff is in imminent danger at the time he filed the complaint.  *See Vandiver*, 727 F.3d at 585.

Moreover, Plaintiff alleges no facts to suggest that he is presently in imminent danger *from the named defendants.*  Plaintiff alleges that he is currently housed in the same facility in which he was previously assaulted by Defendant Taylor in September 2024, but Plaintiff does not allege any facts to suggest that Plaintiff presently has any interaction with the named Defendants or that any of the named Defendants currently pose an imminent danger to Plaintiff.  Furthermore, Plaintiff's allegations of potential retaliation are attributed to unidentified "staff."  (Compl., ECF No. 1, PageID.5–6.)  These allegations fail to show that any of the *named Defendants* are involved in, or have any knowledge of, this alleged threat of retaliation from "staff." *cf. Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." (citation omitted)).

Although the Sixth Circuit has not yet specifically addressed whether the imminent-danger exception requires a nexus between the danger and the allegations of the complaint, *see Vandiver*, 727 F.3d at 588 (declining to reach issue), this Court

9

concurs with the uniform opinion of all seven circuits that have addressed the issue: some nexus between the imminent danger and the claims raised is required in order to protect the meaning of the entire provision.  This nexus requirement does not add a judicially created element to the statute.  Instead, as the *Pettus* court recognized, a reading of the statute that incorporates a nexus rule flows from the fundamental rule of statutory construction requiring that a statute be read as a whole.  *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).  That rule of construction has been regularly repeated by the Supreme Court:

> The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. . . . It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132–33 (2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)); *see also Clark v. Rameker*, 573 U.S. 122, 131 (2014) (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)).

An equally fundamental canon of statutory interpretation is that exceptions to a general rule must be read narrowly.  *See Comm'r of Internal Revenue v. Clark*, 489 U.S. 726, 739 (1989) ("In construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision.").  And from this last canon arises the related principle that exceptions must not be interpreted so broadly as to swallow the rule.  *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 530 (2009) (rejecting an interpretation of a statutory exception that "would swallow the rule").

As applied to § 1915(g), the imminent-danger exception must be read in light of the strong general thrust of the PLRA, which was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton*, 106 F.3d at 1286. In addition, § 1915(g) itself states that "*[i]n no event* shall a prisoner bring a civil action or appeal . . ." if he has three strikes, unless his complaint alleges facts that fall within the narrow exception in issue. 28 U.S.C. § 1915(g) (emphasis added); *Pettus*, 554 U.S. at 297. Interpreting the statute without some link between the imminent danger alleged and the redress sought would cause the exception to swallow the rule, permitting a prisoner to file as many lawsuits as he wishes on any subject—as long as he can state that he is in imminent danger from something, even if that something is unrelated to his claims and unrelated to the named defendants. *See Pettus*, 554 F.3d at 297; *Pinson v. U.S. Dep't of Just.*, 964 F.3d 65, 71 (D.C. Cir. 2020). Such a reading of the statute would be inconsistent with the general rule of statutory construction, which requires that exceptions to a rule be read narrowly, so as not to undermine the general rule. *Clark*, 489 U.S. at 739; 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47.11 at 246–47 (6th ed. 2000) ("[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than exceptions."). Here, Plaintiff has failed to allege facts to show the requisite nexus between any alleged present danger and the named Defendants in this action.

In reaching this conclusion, the Court does not discount the abuse that Plaintiff alleges he experienced. Plaintiff's allegations, however, fail to show that he is in danger of imminent physical injury from Defendants.  *See Rittner*, 290 F. App'x at 798 (footnote omitted) . That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic—or delusional . . . irrational or wholly incredible." *Vandiver*, 727 F.3d at 585.  They are, however, insufficient.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g).  Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.  The Court will therefore dismiss this action without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").  Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*.  The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[5]

---

[5] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.    *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:  July 15, 2026                             /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge

13